IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Cv. No. 04-2703-Ml/An |
| OTIS BOOTHES, | Cr. No. 98-20087-Ml |
| Defendant. | |

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING MOTION FOR DISCOVERY AS MOOT
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Otis Boothes, Bureau of Prisons registration number 16433-076, an inmate at the Federal Correctional Complex in Forrest City, Arkansas, has filed a *pro se* motion under 28 U.S.C. § 2255 challenging his drug trafficking conviction under 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). On May 20, 1998, defendant was indicted by a federal grand jury on one count of conspiracy to violate federal narcotics laws, in violation of 21 U.S.C. § 846, and one count of aiding and abetting the possession of cocaine with the intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). On September 2, 1998, Boothes entered a guilty plea to both counts of the indictment pursuant to a plea agreement which provided: 1) that the government agreed to recommend that defendant be sentenced at the low end of the applicable guidelines range, 2) that the government would recommend that defendant receive credit

for acceptance of responsibility if he demonstrated such by his conduct, and 3) that defendant's base offense level should be calculated using 2 kilograms or less of cocaine with the exact amount to be determined at sentencing.

On February 3, 1999, the Court presided at a sentencing hearing at which defendant testified against the advice of counsel. Based upon defendant's testimony, the Court determined that defendant should receive a two point sentence enhancement for reckless endangerment under United States Sentencing Guidelines (U.S.S.G.) § 3C1.2 and a two point enhancement under § 3C1.1 for obstruction of justice. The Court then imposed a sentence of 169 months imprisonment, along with a four year period of supervised release. Boothes appealed and the Sixth Circuit affirmed his sentence. United States v. Boothes, 2000 WL 1290366 (6th Cir. Sept. 6, 2000). Boothes did not file a petition for certiorari.

Boothes filed this motion pursuant to § 2255 on September 3, 2004, raising various issues of ineffective assistance of counsel and a claim that his conviction violated the principles set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) (AEDPA) created a statute of limitations for filing habeas petitions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The Court should

2

consider this statute of limitations as a threshold matter. <u>Holloway v. Corcoran</u>, 980 F. Supp. 160, 161 (D. Md. 1997), <u>app. dismissed</u>, 161 F.3d 1155 (4th Cir. 1998); <u>Bronaugh v. Ohio</u>, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." <u>Johnson v. United States</u>, 246 F.3d 655, 657 (6th Cir. 2001). In this case, Boothes' conviction became final no later than December 5, 2000, the last day on which he could have filed petition for certiorari with the United States Supreme Court. Accordingly, the limitations period expired on December 5, 2001, unless one of the conditions set forth above is applicable. Boothes' motion was filed on September 3, 2004, and it would, therefore, appear to be untimely.

3

In <u>Dunlap v. United States</u>, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

<u>Id.</u> at 1008. This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. <u>Amini v. Oberlin College</u>, 259 F.3d 493, 500 (6th Cir. 2001) (citing <u>Dunlap</u>); <u>Truitt v. County of Wayne</u>, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." <u>Amini</u>, 259 F.3d at 500.

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

<u>Graham-Humphreys v. Memphis Brooks Museum, Inc.</u>, 209 F.3d 552, 560-61 (6th Cir. 2000); <u>see also</u> <u>King v. United States</u>, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); <u>Johnson v. U.S. Postal Serv.</u>, No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when <u>pro se</u> litigant missed filing deadline by one day). Thus, ignorance of the law by <u>pro se</u> litigants does not toll

4

the limitations period. <u>Harrison v. I.M.S.</u>, 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); <u>Miller v. Cason</u>, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition.").

Defendant does not even attempt to argue that he lacked notice of, or knowledge of, the filing requirement. Equitable tolling is inappropriate in this case. Mere negligence or a mistake of fact is ordinarily not the type of extraordinary circumstance that warrants equitable tolling. <u>Brown v. United States</u>, 20 Fed Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."). Accordingly, Boothes' motion is barred by the statute of limitations unless one of the conditions set forth above is applicable.

Rather than presenting any basis for the application of equitable tolling, Boothes contends that <u>Apprendi</u> and <u>Blakely</u> are "new rule[s] of constitutional law." Although Boothes can make a <u>prima facie</u> showing that <u>Apprendi</u> and <u>Blakely</u> were not available to him during the applicable one-year limitations period for a motion to vacate and present new constitutional rules of criminal procedure, he cannot demonstrate that either case has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. <u>Teague v. Lane</u>, 489 U.S. 288 (1989).

5

Apprendi is not retroactively applicable to cases on collateral review. Goode v. United States, No. 01-1340, 2002 WL 987905 (6th Cir. May 10, 2002); see also Oleson v. United States, No. 00-1938, 2001 WL 1631828, at *3-*4 (6th Cir. Dec. 14, 2001) (finding that district court did not abuse its discretion in denying a motion to amend a § 2255 motion to assert an Apprendi claim because amendment would have been futile); Snyder v. United States, No. 01-1258, 2001 WL 1298954, at *2 (6th Cir. Aug. 7, 2001) (upholding dismissal of § 2255 motion because, inter alia, "Apprendi may not be applied retroactively"); Jones v. United States, No. 00-5280, 2001 WL 92114, at *2 (6th Cir. Jan. 25, 2001) (directing the district court to "determine whether Apprendi may be retroactively applied to this case under Teague v. Lane"); United States v. Murray, No. 98-1537, 2001 WL 118605, at *2-*3 (6th Cir. Jan. 25, 2001) (recalling mandate to permit application of Apprendi to case in which certiorari had recently been denied; noting that, with respect to those "defendants whose convictions became final before Apprendi was handed down, the new rule would not be retroactively applicable" and that this action "involves a tiny subset of situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari"); see also In re Clemmons, 259 F.3d 489 (6th Cir. 2001) (holding, on the basis of Tyler v. Cain, 533 U.S. 656 (2001), that Apprendi has not been "made retroactive to cases on collateral review by the Supreme Court," and, therefore, it may not form the basis for a second or successive § 2255 motion); White v. Lamanna, No. 01-4051, 2002 WL

6

857739, at *2 (6th Cir. May 3, 2002) (applying <u>Tyler</u> and <u>Clemmons</u> to deny consideration of an <u>Apprendi</u> issue raised in a petition pursuant to 28 U.S.C. § 2241); <u>Perkins v. Thomas</u>, No. 01-5432, 2001 WL 1178279 (6th Cir. Sept. 24, 2001) (same).[1]  Thus, <u>Apprendi</u> fails to provide Boothes with any basis for relief.

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), although the Supreme Court determined that its holding in <u>Blakely</u> applies to the Sentencing Guidelines, 125 S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review.  125 S. Ct. at 769 (citing <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005), that the rule of <u>Booker</u> does not fall within the second exception of <u>Teague</u>.  <u>Id.</u> at 863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of <u>Teague</u>).  Thus, the Sixth Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in

---

[1] These unpublished decisions are consistent with the decisions in other circuits refusing to give retroactive application to <u>Apprendi</u>.  See <u>Hamm v. United States</u>, 269 F.3d 1247 (11th Cir. 2001); <u>Dukes v. United States</u>, 255 F.3d 912 (8th Cir. 2001); <u>United States v. Moss</u>, 252 F.3d 993, 996-1001 (8th Cir. 2001); <u>United States v. Sanders</u>, 247 F.3d 139, 146-51 (4th Cir. 2001); <u>Jones v. Smith</u>, 231 F.3d 1227, 1236-38 (9th Cir. 2000); <u>cf.</u> <u>United States v. Smith</u>, 241 F.3d 546 (7th Cir. 2001) (declining to decide whether <u>Apprendi</u> is retroactively applicable on collateral attack because defendant could not establish cause and prejudice sufficient to excuse his failure to raise the issue at trial and on direct review).

collateral proceedings. <u>Humphress</u>, 398 F.3d at 860. Accordingly, these recent decisions also fail to provide Boothes with any basis for relief.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. <u>See also</u> Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. <u>United States v. Johnson</u>, 327 U.S. 106, 111 (1946); <u>Baker v. United States</u>, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid and his motion is DENIED. On March 28, 2005, Boothes filed a motion for discovery. The motion for discovery (Docket entry #2) is DENIED as moot due to the dismissal of the § 2255 claim.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion. Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

<u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that AEDPA

8

codifies in amended § 2253 the standard for issuing a certificate of probable cause as set out in the prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, the defendant's claims are clearly barred by the AEDPA statute of limitations, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing

9

fee required by 28 U.S.C. §§ 1913 and 1917,[2] the prisoner must seek permission from the district court under Fed. R. App. P. 24(a). Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this ___8___ day of November, 2005.

JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

---

[2] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

10

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-02703 was distributed by fax, mail, or direct printing on November 9, 2005 to the parties listed.

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Otis Boothes
16433-076
P.O. Box 9000
Forrest City, AR 72336

Honorable Jon McCalla
US DISTRICT COURT